ON APPLICATION FOR ADMISSION TO THE BAR
| ¡PER CURIAM.
Petitioner, George R. Adams, Jr., applied to sit for the July 2002 Louisiana bar examination. However, in his application, petitioner failed to disclose that he was reprimanded by his undergraduate university in 1992 for engaging in disruptive behavior in violation of the university’s code governing the conduct of students. By letter dated June 18, 2002, the Committee on Bar Admissions (“Committee”) advised petitioner it could not certify his character and fitness to this court. Petitioner then applied to this court for permission to take the bar exam. On July 3, 2002, this court allowed petitioner to sit for the exam, with the condition that upon successfully passing the exam, he file a brief, supported by appropriate documentary evidence, setting forth the facts of the incident and explaining his omission of the incident from the bar application. In re: Adams, 02-1825 (La.7/3/02), 819 So.2d 1028. On September 30, 2002, the Committee notified petitioner that he had successfully passed the essay portion of the Louisiana bar examination. Petitioner then filed an application for admission in this court.
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of one year. Should petitioner commit any misconduct during the period of probation, his conditional right to practice may be terminated or he may | Joe subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.